[No. 1261.   Decided June 29, 1894.]

W. L. THOMPSON *et al.*, *Appellants*, v. THE TOWN OF SUMNER, *Respondent.*

MUNICIPAL CORPORATIONS — CONSTRUCTION OF WATERWORKS — ORDINANCES — NOTICE OF ELECTION.

Where the matter of constructing waterworks by a town must be ordered submitted to the electors thereof by ordinance, such ordinance is invalid when it provides that it shall only take effect and be in force "after adoption by the qualified electors of the town" at such election.

Under a statute requiring a waterworks proposition to be submitted at a special election, notice of which must be given to the newspaper doing the city printing, the ordinance for the submission of the proposition should, in the absence of an official newspaper, specify the paper in which publication should be made; and the act of the town clerk in printing a notice in a paper upon his own authority does not amount to notice.

*Appeal from Superior Court, Pierce County.*

*A. R. Titlow*, for appellants.

*Thomas Carroll*, and *Hagerman & Carroll*, for respondent.

The opinion of the court was delivered by

STILES, J.—The respondent town, a municipal corporation of the fourth class, had taken steps toward the con-

struction of waterworks, under the act of February 10, 1893 (Laws, p. 12), when this action was brought to restrain a proposed sale of bonds. The court below, after trial, refused the relief asked, and plaintiffs appeal.

Many points of objection to the validity of the town's action are made in the brief, but only two of those, which apply to the ordinance by which jurisdiction of the subject was acquired, need be referred to.

1. Sec. 7 of the ordinance read as follows: "This ordinance shall take effect and be in force from and after its passage, publication *and adoption by the qualified electors of the Town of Sumner.*"

An ordinance of this kind cannot be made to depend upon the result of the election. It is true that by the provisions of the law the town could not proceed with the execution of the plan proposed by the council until it had been approved by the affirmative vote of the electors; but the ordinance itself must be a law in force, with the exception mentioned, independently of the popular vote. The election could be called only by virtue of the order contained in the ordinance therefor; so that the postponement of the power to hold an election until the ordinance should be adopted by the qualified electors was to postpone it indefinitely:

2. The ordinance contained no provision for notice of an election. The statute requires a waterworks proposition to be submitted at a special election, notice of which must be given to the newspaper doing the city printing, but nothing is said as to who shall give the notice. Gen. Stat., § 667, however, prescribes that the *council* shall give notice of each election. The ordinance should have directed that notice be given, and named the executive officer who should prepare and furnish to the publisher a notice in the name of the council. In the absence of an ordinance providing for an official newspaper, this ordi-

nance should have specified the paper in which publication should be made.

The act of the clerk in printing a notice in a paper of his own selection was without authority and did not amount to notice. *Force v. Batavia*, 61 Ill. 103; *Gaddis v. Richland Co.*, 92 Ill. 119; Dillon, Mun. Corp., § 197; McCrary, Elections, § 161.

Judgment reversed, and cause remanded for entry of judgment in accordance with the prayer of the complaint.

DUNBAR, C. J., and SCOTT, ANDERS and HOYT, JJ., concur.